[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15255
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-14044-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON KEITH GALLANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Brandon Keith Gallander pled guilty to one count of receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court imposed a sentence of 222 months, which was below the advisory Sentencing Guidelines range. Defendant appeals, arguing that his sentence is substantively unreasonable because his history and personal characteristics justify a greater downward variance, because the district court gave too little weight to the arbitrary nature of the child pornography guidelines, and because the court placed undue emphasis on unsubstantiated acts of past misconduct. After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first to whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1] *Id.* Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately. *United States v.*

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006). The party challenging the sentence bears the burden of showing that it is unreasonable. *Pugh*, 515 F.3d at 1189. We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

Here, Defendant has identified no procedural errors nor has he shown that his sentence is substantively unreasonable. Defendant's 222-month sentence is below his advisory guideline range of 240 months' imprisonment. Our precedent indicates that we ordinarily expect a within-guideline sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable). It logically follows then that Defendant's more lenient, below-guideline-range sentence enjoys an even more robust expectation of reasonableness, at least with respect to his argument that his sentence was too harsh. Additionally, Defendant's sentence is below the 240-month statutory maximum under 18 U.S.C. § 2252(b)(1). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

3

In determining that only a 18-month downward variance was warranted (instead of the 60-month variance Defendant had requested), the district court specifically acknowledged Defendant's disturbing behavior in connection with the offense relating to his ten-year-old daughter, Defendant's troubled past, Defendant's past actions involving his ex-wife, and the court's general agreement with the defense that the guidelines in child pornography cases were generally greater than necessary to provide just punishment. Specifically, the district court explained that it was "somewhat torn" between its normal practice of varying downward in child pornography cases because it thought the guidelines were too severe, and its concern that, in light of Defendant's comments regarding his daughter and his past actions involving his ex-wife, he posed a danger to the community. However, the district court ultimately concluded that, in light of Defendant's troubled past, which probably contributed to his behavior, a sentence that was slightly below the guideline range would be sufficient, but not greater than necessary to comply with the § 3553(a) factors.

Defendant has certainly had a troubled past, which he says included being regularly raped by his stepbrother while Defendant was between the ages of two and twelve years old, with his parents doing nothing more than seek counseling; drug abuse by both Defendant and his mother; abandonment by his mother; and subsequent sexual abuse at the hands of an older man. But we discern no abuse of

4

discretion in the district court's determination that these facts, as well as the severity of the child pornography guidelines, did not warrant a greater downward variance when balanced against Defendant's willingness to involve his daughter in the present offense and his past actions involving his ex-wife, which raised concerns for the district court regarding Defendant's future danger to the community. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). Specifically, Defendant exploited his minor daughter in order to obtain child pornography. In chats with people with whom he was seeking to share child pornography, Defendant discussed "playing with" his daughter, but not penetrating her; sent her picture to other people; offered that an individual could do whatever he wanted with Defendant's daughter, including have rough sex with her; and sought help accessing his old email address so that he could find a naked picture of his daughter that he had previously shared. Defendant also solicited eight or nine individuals to come to his house and rape his then-wife, whom he planned to first drug. When arrested for the offense involving his wife, Defendant admitted his action and was allowed to complete a pretrial diversion program. As the district court acknowledged, Defendant's chats regarding his daughter were probably fantasy, and he perhaps did not have the ready ability to subject his daughter to that

5

type of abuse because her mother had custody.  However, such behavior understandably raises concerns about Defendant's mental state and his potential for future criminal conduct.

Contrary to Defendant's argument, a greater downward variance is not needed to avoid disparities in sentencing similarly-situated defendants.  Defendant points to *United States v. Riley*, 655 F. Supp. 2d 1298 (S.D. Fla. 2009) (applying a downward variance to 60 months from a range of 210-240 months in part because the offender had no criminal history and had a low risk of reoffending), and *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (upholding a downward variance to 84 months from a guideline range of 151-188 months when the defendant had a "clean criminal record," even though he previously molested several children).  While these cases are similar and demonstrate that we will uphold a term less that that imposed in the present case, they do not show that Defendant's sentence is outside of the reasonable range of sentences.  Moreover, unlike the defendants in *Riley* and *McBride*, Defendant had several previous convictions, placing him in criminal history category III, and, as the district court noted, his fantasies about his daughter created a realistic potential for future harm.

For all these reasons, Defendant has not met his burden to show that his 222-month sentence is substantively unreasonable.

**AFFIRMED.**

6